UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOANN JOHNSON, on behalf of LATOSHA JOHNSON, deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:23-cv-00510-SEP |
| MARTIN O'MALLEY,[1] | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Martin O'Malley, the Commissioner of Social Security, denying the application of Plaintiff Joann Johnson for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401 *et seq.*, and for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Plaintiff's application.

**I.    BACKGROUND**

On November 23, 2015, Latosha Venel Johnson filed for DIB and SSI (Tr. 19, 355-64), alleging that she had been unable to work due to disability since October 2, 2015. She alleged disability due to depression. (Tr. 145; 226). Her application was initially denied, and she requested review of that decision by an Administrative Law Judge (ALJ). (Tr. 160-78). While awaiting a hearing before an ALJ, Ms. Johnson died, and her mother, Joann Johnson, became a substitute party in March 2017. (Tr. 19, 194, 380). On August 17, 2021, after a hearing, an ALJ issued a decision finding that Plaintiff was not disabled as defined in the Act, as she remained able to perform work in the national economy during the relevant time period from her alleged

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 15(d), O'Malley is substituted for Kilolo Kijakazi as Defendant in this suit. *See* 42 U.S.C. § 405(g).

date-of-onset (October 2, 2015) through the date she was last insured (June 30, 2016).[2] (Tr. 19-29). Plaintiff filed a Request for Review of Hearing Decision with the SSA Appeals Council, which denied her Request for Review. (Tr. 7-13). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Social Security Administration.

## II.  STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). According to the Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a);[3] *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611. At Step

---

[2] Plaintiff's SSI claim was dismissed because the record showed that she did not have any survivors eligible to receive her benefits under 20 C.F.R. §§ 416.542(b). (Tr. 19-20).

[3] All references throughout this opinion are to the version of the regulations that was in effect as of the date of the ALJ's decision.

Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings").  20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611.  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process.  20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [his or her] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e).  At Step Four, the Commissioner determines whether the claimant can return to her past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform her past relevant work, she is not disabled; if the claimant cannot, the analysis proceeds to the next step.  *Id.*  At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if she cannot make such an adjustment, she will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that she is disabled. *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform.  *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date; that Plaintiff had the severe impairments of major depressive disorder, generalized anxiety disorder, substance abuse, insomnia, and bereavement; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 136-145).  The ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels as defined in 20 C.F.R. § 404.1567, but with certain nonexertional limitations, including:  she was limited to simple, routine work with

3

only occasional changes in work routines and settings; she could have no close interaction with the public or coworkers; interaction with supervisors had to be limited to that necessary for simple, routine work with only occasional changes in work settings and work routines; and she could not perform fast-paced jobs or jobs with strict time-critical standards.  (Tr. 141).

The ALJ found that Plaintiff's impairments would have precluded her from her past relevant work as a certified nursing assistant.  (Tr. 143).  But considering Plaintiff's age, education, and work experience, and in reliance on the testimony of a vocational expert, the ALJ found that Plaintiff would have been able to perform occupations that exist in significant numbers in the national economy, including laboratory equipment cleaner (Dictionary of Occupational Titles (DOT) No. 381.687-022, 2,000,000 jobs in the national economy), linen room attendant (DOT No. 222.387-030, 2,000,000 jobs in the national economy), and night janitor (DOT No. 358.687-010, 2,000,000 jobs in the national economy).  (Tr. 144).  Thus, the ALJ concluded that Plaintiff was not disabled, as defined in the Act, from the alleged onset date through the date she was last insured.  (Tr. 145).

### IV.    STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942; *see also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means— and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012).  But the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations

4

regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.    DISCUSSION

Plaintiff challenges the ALJ's decision, asserting that the ALJ improperly determined at Step Five that Plaintiff could perform other work in significant numbers in the national economy. Doc. [10] at 1.  Defendant argues that the ALJ properly evaluated Plaintiff's ability to work and that substantial evidence otherwise supports the ALJ's determination.  Doc. [15] at 4-5.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724.  As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs.  Based on a careful review of the record, and for the reasons stated in the ALJ's opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).  In particular, the Court finds that the ALJ's hypothetical questions to the vocational expert were materially consistent with the limitations included in the RFC, and that the RFC properly accounted for Plaintiff's limitations in understanding, remembering, or applying information. Additionally, the representative jobs suggested by the ALJ were not inconsistent with the nonexertional limits in Plaintiff's RFC.  *See Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (DOT reasoning level two encompasses the ability to perform simple instructions).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion.  But this Court's task is not to reweigh the evidence

5

presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**VI.   CONCLUSION**

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record. Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 23rd day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE